(No. 3522—

MERCHANTS FIRE INSURANCE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On February 23, 1940, pursuant to the provisions of Section 410 of the Illinois Insurance Code of 1937, claimant filed with the Department of Insurance of the State of Illinois, its insurance privilege tax statement showing not taxable premiums of $32,387.82 for direct business transacted during the calendar year 1939.

The tax was computed in accordance with the statement so filed, claimant was duly notified of the amount thereof, and thereafter, to wit, on May 20, 1940, it paid the sum of $444.03 for premium taxes.

It subsequently developed that in presenting its statement as aforesaid, claimant had failed to include therein and take credit for the sum of $105.45 paid to the City of Chicago, and the sum of $15.81 paid to the City of East St. Louis, during the calendar year 1939 as a tax on premiums for the benefit of the organized fire departments of said cities.

Under the provisions of the Insurance Code, the amounts

paid to the City of Chicago and to the City of East St. Louis for fire department taxes as above set forth, could have been deducted in computing the annual privilege tax, and claimant therefore asks for a refund in the amount of $166.26 to cover the amount which it should have deducted in its privilege tax statement as aforesaid.

The Attorney General has moved to dismiss the claim for the reason that the complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay.

It is a rule of general application that where a tax is paid voluntarily and with a full knowledge of the facts, and not under protest, compulsion or duress, it may not be recovered back. It is also a rule of general application that where the tax is paid under a mistake of fact, it is not considered to have been paid voluntarily. It has also been held in numerous cases that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and the same is thereafter paid by him, such payment is not made under a mistake of fact and cannot be recovered. (*Monarch Fire Insurance Co.* vs. *State*, 9 C. C. R. 538; *Kansas City Fire and Marine Insurance Co.* vs. *State*, 10 C. C. R. 443; *St. Louis Fire and Marine Insurance Co.* vs. *State*, No. 3413, decided February 14, 1940; *Western Dairy Co.* vs. *State*, 9 C. C. R. 498; *Fried-Bell Paper Co.* vs. *State*, 9 C. C. R. 531; *Stotlar-Herrin Lumber Co.* vs. *State*, 9 C. C. R. 517.)

Under the law as laid down in the cases cited, we have no authority to allow an award and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.